[No. 28093. *En Banc.* November 10, 1941.]

SILVER SPRINGS BREWING Co., *Appellant*, v. GEORGE W. BUCSKO *et al., Respondents.*[1]

*Tyre H. Hollander,* for appellant.

*Louis J. Muscek,* for respondents.

Reported in 118 P. (2d) 945.

ROBINSON, C. J.—This appeal is from the findings and judgment in an action brought by plaintiff to recover the price of beer delivered to defendants.

The questions presented are entirely questions of fact. August 20, 1935, the parties signed an agreement by the terms of which defendants were given the exclusive right for a period of three years to sell and distribute plaintiff's beer in Pierce county, Washington. The price to be paid by defendants was $15 a barrel payable at the brewery at Port Orchard, Washington. The contract provided:

"It is understood that the price of both barreled and bottled beer may be scaled up or down as the Northwest Brewers Association may determine and the parties hereto will be governed thereby. Second parties agree to accept delivery of all beer at the brewery and will handle the hauling of the same to point of distribution in Pierce County. Payment for all beer shall be made at the brewery, less hauling charge to point of distribution. The present rate for hauling shall remain in full force and effect during the life of this agreement, unless in the meantime, the parties hereto agree upon a different rate or basis."

The court found, and the evidence supports the finding, that the parties orally agreed that the price of the beer should be $12.50 a barrel delivered at the brewery and $13 a barrel delivered at Tacoma. The evidence indicates that the beer was invoiced to defendants at $15 a barrel and that defendants paid the invoice price and later plaintiff rebated to them the difference between the price orally agreed upon and the invoice price.

In May, 1937, there was a change in the ownership of some of the shares of the stock of the corporation and new officers and directors were elected. A controversy arose between the parties over the account and the price to be paid for the beer. Plaintiff claimed

that a certain sum was owing from defendants and defendants claimed that a larger sum was owing them from plaintiff. A meeting of the directors was held June 15, 1937. George Bucsko was present at this meeting. The purpose of the meeting apparently was to iron out the differences. Plaintiff claims that at this meeting an oral agreement was entered into between it and George Bucsko that all differences should be settled by each party canceling his claim against the other and that the future price of beer should be $13 a barrel delivered at the brewery and $13.50 a barrel delivered at Tacoma. Defendants stoutly deny that any such agreement was entered into.

On August 17, 1938, the written agreement having expired by its terms, a new agreement was signed by the parties. This agreement, except as to dates, was in the exact language of the prior agreement. The evidence shows that George Bucsko was very insistent that the agreement should be in the exact language of the prior agreement. Between June 16, 1937, and May 27, 1939, plaintiff delivered to defendants large quantities of beer. The court found that the agreed price of the beer was $77,477.33, that payments made by defendants and other credits amounted to $76,479.80, and that there was a balance due plaintiff of $997.53, and entered judgment in its favor for that amount.

The controversy revolves around the question of what was the agreed price of the beer. The court found that the agreed price was $12.50 a barrel delivered at the brewery and $13 a barrel delivered at Tacoma. It would serve no useful purpose to review the evidence in detail. We think it sustains the finding of the trial court. It appears that the plaintiff with each delivery sent defendants an invoice stating the price of the beer delivered and that this price was based upon a price of $13 delivered at the brewery or

$13.50 delivered at Tacoma. Defendants, however, in no instance, it seems, paid the invoice price, but sent a check for a smaller amount. Plaintiff contends that these payments were made on account, but the evidence indicated that defendants were insisting that the price of the beer was $12.50 a barrel delivered at the brewery and $13 a barrel delivered at Tacoma. On a number of occasions, plaintiff sent beer c. o. d. and defendants refused to pay the invoice price, tendering their check for an amount which was fifty cents a barrel less than the invoice price, and these checks were accepted by plaintiff.

Appellant contends that the court should not have allowed an item of $987.90 claimed by defendants as a credit. It appears that this sum was the difference between the amount paid by defendants prior to June 15, 1937, and the price of the beer based upon an agreed price of $12.50 a barrel delivered at the brewery and $13 a barrel delivered at Tacoma.

Appellant contends that the sums paid by defendants were paid under an agreement for a rebate and that such agreement violated Rem. Rev. Stat. (Sup.), §§ 7306-30 to 7306-90 [P. C. §§ 3180-40 to 3180-100], and Rule 18 (a) of the rules and regulations of the liquor control board, but we are unable to see how the cited provisions of the Steele act and the rules and regulations of the liquor control board have any application to the situation.

The judgment appealed from is affirmed.

ALL CONCUR.